**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WIERS FARM, INC.,**

    **Plaintiff,**

v.                                    **Case No.  8:09-cv-1742-T-30TBM**

**WAVERLY FARMS, INC., et al.,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon LSQ's Motion for Attorneys' Fees and Costs (Dkt. 188). LSQ represents in its motion that W.J. Produce does not oppose LSQ's entitlement to fees as the prevailing party of the breach of contract claim. Accordingly, the Court grants LSQ's motion, solely as to the issue of its entitlement to fees.[1]

The Court agrees with LSQ that the issue of the amount of fees, which is opposed by W.J. Produce, should be deferred. Given the fact that this case is set for trial during the Court's May 2011 trial calendar, the Court will provide LSQ twenty (20) days from the conclusion of the trial (i.e., the last day of trial) to submit an affidavit of its fees and expenses related to the breach of contract claim, which shall attach supporting invoices and/or time entries. W.J. Produce shall have twenty (20) days from the filing of LSQ's affidavit to file

---

[1] The entitlement is based on the no-offset agreement executed by W.J. Produce, which states that "the prevailing party shall recover its attorney's fees and expenses from the unsuccessful party."

an opposition to the amount of fees. If the amount is unopposed, LSQ shall reflect this in its filing.

It is therefore ORDERED AND ADJUDGED that LSQ's Motion for Attorneys' Fees and Costs (Dkt. 188) is hereby GRANTED as set forth herein.

**DONE** and **ORDERED** in Tampa, Florida on April 18, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1742.LSQmtfees186.frm